### STANICK v WRIGHT et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1313.   Decided April 29, 1935

D. H. Wysong, Dayton, for plaintiff in error.

R. K. Miller, Dayton, for defendants in error.

## OPINION

By HORNBECK, J.

We have been favored with extended and helpful briefs of the parties. Several grounds of error are assigned.

It is first urged that the Municipal Court had no jurisdiction to make determination of the right of the administratrix to the proceeds of the sale of the attached property, because §§10471, et seq, GC contemplated that a claim such as urged by the administratrix should be presented before sale.

It is asserted by counsel for defendants in error that this jurisdictional question was not raised in the trial court and we do not find that it was so raised. The Municipal Court is a court of record and in the absence of a timely challenge to its jurisdiction it was clearly authorized to make determination respecting the distribution of a fund in custodia legis.

It is next urged that the chattel mortgage to John F. Wright was for a past consideration; that no note as described in the mortgage was found or offered upon the hearing in Municipal Court, and that the amount owing the mortgagee did not appear to be more than $400.00.

It is further claimed that the giving of the mortgage was in fraud of creditors, under §11104, GC.

The record supports the contention of the plaintiff in error that no note for the sum of $2000.00 was offered in testimony; that the greatest amount that was shown to be due John F. Wright from his son was $400.00, and that this sum was advanced by the father to the son some time before the execution and delivery of the chattel mortgage. In other words, the mortgage secured a pre-existing debt.

Weakness in the contention of the plain-

tiff in error respecting the claim that the mortgage was made with a design to prefer creditors is; that under §11105 GC it is necessary, if §11104 GC be given application, that it appear that the mortgagee knew of such fraudulent intent on the part of the debtor, if it first appear that the mortgage was made in contemplation of insolvency which is not shown. **Carruthers et v Kennedy et, 121 Oh St 8.**

The trial court held against the contention of the plaintiff on this proposition. Upon the record we would not be justified in disturbing this conclusion of the trial court, which was supported by the Common Pleas Court.

Attention is further called to so much of §11105 GC as provides:

"Nor shall anything in such section contained vitiate or affect any mortgage made in good faith, to secure any debt or liability created simultaneously with such mortgage, if such mortgage be filed for record in the county wherein the property is situated, or as otherwise provided by law, within three days after its execution * * *."

This language is but additional and further protection to a mortgagee who takes his mortgage within its terms. It does not affect the situation in the instant case at all. The question here is: Did the mortgagee know of the fraudulent intent of the mortgagor, if such existed, when he accepted the mortgage?

The fact that the administratrix did not or was not able to produce a $2000.00 note is not conclusive that such note did not exist and in our judgment, inasmuch as it appears by the admission of the mortgagor that he owed his father approximately $400.00 and there is but $107.00 in controversy, the mortgage should be sustained to the extent to which consideration is proven.

Our attention is called to a number of cases, among which is Freeman v Rawson, **5 Oh St. 1.** The syllabus thereof:

"A mortgage of personal property, with possession and a power of disposition reserved to the mortgagor, is fraudulent and void as against his other creditors."

The distinction here is that there was no power of disposition reserved to the mortgagor in the mortgage under consideration.

Some claim is made respecting the affidavit of John F. Wright, mortgagee, to the chattel mortgage, in that it appears to have been personally sworn to on a date when this would have been practically impossible. An examination of the record discloses that the affidavit was made under somewhat unusual conditions, but not such as to vitiate its effect. It was duly acknowledged before a Notary Public, though the date may be in error.

It is further claimed that the administratrix should be required before being permitted to take the fund in the hands of the Municipal Court, to exhaust the proceeds of certain household furniture which was included in the mortgage and which it is claimed had been moved out of the jurisdiction of the court.

We grant that there is an equitable principle which might have application to support the claim of plaintiff in error; that as against his lien the administratrix should not be permitted to assert a right to the money in controversy, so long as she had enough property, the proceeds of which would pay the amount due from the mortgagor. An examination of the record, however, fails to disclose any substantial proof of the value of the property yet remaining covered by the mortgage. The only attempt to prove value was upon cross examination of the administratrix and the only definite expression that she made was to the effect that one of the bedroom suites covered by the mortgage was, when purchased (no date fixed) probably worth $300.00, and that in her judgment the automobile covered by the mortgage was worth more than $100.00; but there was no showing of the value of the remaining property covered by the mortgage as of the date of the hearing in the Municipal Court. So that the trial court had no yardstick from which it could properly say that it would be inequitable to permit the mortgagee to take the $107.00, which was the fund in the possession of the Municipal Court.

We have examined the many other cases cited by counsel but do not find any principal therein enunciated which would require a reversal of the determination of the Municipal Court and the Common Pleas Court.

The judgment of the Common Pleas Court will be affirmed.

KUNKLE, PJ, and BARNES, J, concur.