[Cite as *Green v. Shafer*, 2014-Ohio-2356.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| EMILY GREEN | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2014 CA 00036 |
| SUZANNE SHAFER | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Canton Municipal
                               Court, Case No.  2014 CVG 00174


JUDGMENT:                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:        June 2, 2014


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

JOHN V. BOGGINS                        No Appearance
1428 Market Avenue North
Canton, Ohio  44714

*Wise, J.*

{¶1}. Appellant Emily Green appeals the decision of the Canton Municipal Court, Stark County, which found, in a forcible entry and detainer action, that a 2008 land installment contract between Appellant Green and Appellee Suzanne Shafer remained in effect. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant is the owner of a residential property located at 809 Clarendon Avenue NW in Canton. On June 26, 2008, appellant (as vendor) and appellee (as vendee) entered into a land installment contract regarding the Clarendon Avenue property. Said land contract was duly recorded in Stark County on July 28, 2008. Under the terms of the land contract, appellee was to obtain a mortgage loan, on or before August 1, 2012, in an amount sufficient to pay off the balance due.

{¶3}. Appellee was thereafter apparently unable to obtain the necessary mortgage financing. Accordingly, in early June 2013, appellant and appellee signed a written agreement to terminate the land contract. Appellant's father, Attorney Lemuel Green, notarized the agreement to terminate; however, the acknowledgement is dated June 7, 2013, even though the agreement is dated the next day, June 8, 2013.

{¶4}. Appellant and appellee also entered into a new rental agreement during the aforesaid events. This agreement, dated June 7, 2013, set up monthly rental payments from appellee to appellant of $400.00, payable on the eighth day of each month.

{¶5}. On January 10, 2014, appellant brought a forcible entry and detainer action in the Canton Municipal Court, alleging non-payment of rent under the terms of the new rental agreement of June 7, 2013.

{¶6}.  The matter proceeded to an evidentiary hearing before a magistrate on January 27, 2014. In her defense, appellee contended that the land contract had not been properly terminated and, because the land contract was by then more than five years old, appellant would have to pursue foreclosure as required by R.C. 5313.07.

{¶7}.  The magistrate issued a written decision on February 4, 2014. The magistrate therein found in part as follows: "Parties had land contract agreement. Subsequently, parties entered into a termination of said contract. However, evidence presented indicated that dates are wrong and Plaintiff's father notarized said document. Further, Plaintiff did not appear. *** The Court is not convinced that the parties effectively terminated their land contract. The 'termination' is deficient in many respects. Parties signed said document on the 8th day of June '13 and yet notarized on 6/7/13 and filed 6/7/13."

{¶8}.  The magistrate therefore denied appellant a writ of restitution and dismissed the action.

{¶9}.  On February 10, 2014, appellant filed an objection to the decision of the magistrate. On March 3, 2013, the trial court adopted the magistrate's decision.

{¶10}.  Appellant filed a notice of appeal on March 9, 2014. She herein raises the following two Assignments of Error:

{¶11}.  "I.  THE LOWER COURT ERRED AS A MATTER OF LAW IN FINDING INEFFECTIVE A WRITTEN TERMINATION OF A LAND INSTALLMENT CONTRACT SIGNED BY BOTH THE VENDOR AND THE VENDEE.

{¶12}.  "II.  THE LOWER COURT ERRED IN FAILING TO FIND THE APPELLEE WAIVED ANY CLAIMS UNDER A LAND INSTALLMENT CONTRACT WHEN SHE

SIGNED A TERMINATION OF THE CONTRACT AND ENTERED INTO AND PARTIALLY PERFORMED A NEW RENTAL AGREEMENT."

{¶13}. We initially note this case comes to us on the accelerated calendar. App.R. 11.1(E), which governs the nature of the determination and judgment on appeal in accelerated calendar cases, provides, in pertinent part, that "*** [i]t shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. ***." This appeal shall be considered in accordance with the aforementioned rule. *See State v. Phillips*, 5th Dist. Stark No. 2013CA00160, 2014-Ohio-597, ¶ 5.

{¶14}. Furthermore, we note appellee has not filed a brief in response to this appeal. App.R. 18(C) states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

I.

{¶15}. In her First Assignment of Error, appellant argues the trial court erred in finding the parties' written termination of their land contract to be ineffective. We agree.

{¶16}. R.C. 5301.331 requires that the cancellation of a recorded land contract by a separate written instrument be acknowledged "as provided in section 5301.01 of the Revised Code." However, it is well-established in Ohio that a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud. *See Swallie v. Rousenberg*, 190 Ohio App.3d 473, 942 N.E.2d 1109, 2010-

Ohio-4573, ¶ 33, quoting *Citizens National Bank Zanesville v. Denison* (1956), 165 Ohio St. 89, 95, 133 N.E.2d 329. By analogy, in *Stanick v. Wright* (1935), 19 Ohio Law Abs. 597, the Second District Court of Appeals stated that an affidavit of a mortgagee to a chattel mortgage, duly acknowledged before a notary public, remained effective even though "the date may be in error." *Id.* at 599.

{¶17}. In the case sub judice, Attorney Green, appellant's father, testified before the magistrate that the date discrepancy in the notary acknowledgment at issue was attributable to "simple negligence." *See* Tr. at 14. Appellee offered no evidence of fraud or that Attorney Green had any interest in his daughter's ownership or use of the Clarendon Avenue property.

{¶18}. In light of the foregoing, and pursuant to App.R. 18(C), we find the trial court committed reversible error in finding the land contract had not been properly terminated as between the parties and in denying appellant the remedy of a writ of restitution concerning said property.

{¶19}. Appellant's First Assignment of Error is sustained.

II.

{¶20}. In her Second Assignment of Error, appellant contends the trial court erred in failing to find appellee had waived her claims under the land contract by entering into a new rental agreement.

{¶21}. Based on our holding as to appellant's First Assignment of Error, we find the issues in regard to appellant's Second Assignment of Error to be moot.

{¶22}. For the foregoing reasons, the judgment of the Canton Municipal Court of Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0513